**FILED**

APR 20 2018

Clerk, U.S Courts
District Of Montana
Missoula Division

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

vs.

SPENCER STEVEN BUDDE,

Defendant.

CV 17–14–BU–DLC

ORDER

Before the Court is Defendant Spencer Steven Budde's ("Budde") Motion to Suppress. (Doc. 25.) On April 20, 2018, the Court held an evidentiary hearing on the motion and heard testimony from Montana Highway Patrol Trooper Alexander Velasquez ("Trooper Velasquez") and arguments from counsel.

Budde contends that the evidenced seized from the search of his vehicle must be suppressed because Trooper Velasquez lacked reasonable suspicion to believe that Budde was engaged in, or about to engage in, the commission of a crime.[1] Because Budde argues that the seizure was illegal, all subsequent

---

[1] Budde also argued that evidence obtained from the search of his truck and U-Haul trailer must be suppressed because the search warrant obtained by Trooper Velasquez lacked probable cause. However, counsel withdrew this argument at the start of the hearing.

-1-

evidence must be suppressed under the "fruit of the poisonous tree" doctrine.

For the reasons discussed below, the Court denies the motion.

## Factual Background

On January 21, 2017, at approximately 7:45 a.m., Trooper Velasquez initiated a traffic stop on Highway 191 outside of Bozeman, after observing Budde's vehicle, an orange pickup truck pulling a U-Haul trailer, swerve in and out of its lane. Trooper Velasquez activated his lights to initiate the stop and Budde pulled into a gas station. The question before the Court is simple: when Trooper Velasquez observed Budde's vehicle swerve into both surrounding lanes, did Trooper Velasquez have reasonable suspicion to believe that the vehicle's driver might be impaired?

## Discussion

The Fourth Amendment to the United States Constitution provides "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated." U.S. CONST. AMEND. IV. "[A] person is seized only when, by means of physical force or a show of authority, his freedom of movement is restrained." *United States v. Mendenhall*, 446 U.S. 544, 553–554 (1980) (internal quotation marks omitted). Even a brief traffic stop is a seizure within the meaning of the Fourth Amendment and therefore is subjected to the "constitutional imperative" that it be reasonable under the

-2-

circumstances. *Whren v. United States*, 517 U.S. 806, 810 (1996); *see also United States v. Arvizu*, 534 U.S. 266, 273 (2002).

A traffic stop complies with the Fourth Amendment when "law enforcement officers . . . have at least a reasonable suspicion of criminal activity before stopping a suspect." *United States v. Morales*, 252 F.3d 1070, 1073 (9th Cir. 2001) (citing *Terry v. Ohio*, 392 U.S. 1, 30 (1968)); *see also Delaware v. Prouse*, 440 U.S. 648, 653 (1979) (extending *Terry* to traffic stops). "Reasonable suspicion exists when an officer is aware of specific, articulable facts which, when considered with objective and reasonable inferences, form a basis for particularized suspicion." *United States v. Montero-Camargo*, 208 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (internal quotation marks omitted). "The concept of reasonable suspicion, like probable cause, is not readily, or even usefully, reduced to a neat set of legal rules," *United States v. Sokolow*, 490 U.S. 1, 7 (1989), but is intentionally abstract, as courts are instructed to give "due weight" to the factual inferences drawn by law enforcement officers. *United States v. Arvizu*, 534 U.S. 266, 273 (2002); *see also United States v. Hartz*, 458 F.3d 1011, 1017 (9th Cir. 2006) (finding that "[r]easonable suspicion exists if 'specific, articulable facts ... together with objective and reasonable inferences suggest that the persons detained by the police are engaged in criminal activity."). This standard is not a high threshold, but requires more than "a mere hunch." *United States v. Valdes-Vega*, 738 F.3d

-3-

1074, 1078 (9th Cir. 2013) (en banc).

Here, Trooper Velasquez had reasonable suspicion to believe that the driver of the vehicle may be impaired based on his objective determination the driver was swerving across and into both surrounding lanes. Additionally, this behavior could violate either of Montana Code Annotated §§ 61–8–302 or 61–8–321, which prohibit careless driving and failing to drive on the right side of the highway, respectively. There is no requirement that a driving infraction be lengthy or prolonged to inform an officer's reasonable suspicion. *See Rodriguez v. United States*, 135 S. Ct. 1609, 1612 (2015) (finding an officer had reasonable suspicion upon observing a driver cross slowly onto the shoulder of the road for a few seconds.") Thus, based on Trooper Velasquez's observations and reasonable inferences, the Court concludes that there was reasonable suspicion for the traffic stop.

At the hearing, Budde argued that Trooper Velasquez's grounds for initiating the traffic stop did not comply with the Fourth Amendment because Trooper Velasquez's conclusions were based on a subjective, rather than an objective, assessment of the facts. Trooper Velasquez testified that in his experience, it is unusual for drivers who are being stopped by the police to turn and pull into a parking lot before stopping. According to Trooper Velasquez, this only occurs when a driver knows that he or she will be leaving his or her car

behind. According to Budde, this conclusion is subjective because there is nothing unreasonable about a driver in the left hand lane turning left—instead or merging right—to pull over.

However, this question is inapposite to the issue of whether Trooper Velasquez had reasonable suspicion to seize Budde. Because the moment of seizure occurred when Trooper Velasquez activated his traffic lights, any suspicious activity after the fact is irrelevant to whether there was reasonable suspicion for the seizure itself.

On this issue, and for the reasons stated above, the Court concludes that Trooper Velasquez had reasonable suspicion to seize Budde. Since Budde withdrew all other grounds for his motion to suppress, the Court concludes that the evidence subsequently obtained from the search of Budde's car and U-Haul trailer does not require suppression.

Accordingly, the Court DENIES Budde's Motion to suppress evidence. (Doc. 28.)

DATED this 20th day of April, 2018.

Dana L. Christensen, Chief Judge
United States District Court